# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 27, 2018

Plaintiff-Appellee,

v

No. 323979
Macomb Circuit Court
LC No. 2014-001628-FC

DENNIS ROBERT SHEPLER,

Defendant-Appellant.

ON REMAND

Before: SAWYER, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

In our original opinion in this matter, we affirmed defendant's convictions for armed robbery, MCL 750.529, and conspiracy to commit armed robbery, MCL 750.157a, but remanded the matter to the trial court to revisit his sentence of 250 months to 30 years in light of this Court's opinion in *People v Steanhouse*, 313 Mich App 1; 880 NW2d 297 (2015). Defendant sought leave to appeal to the Supreme Court. After reversing our decision in *Steanhouse*, the Supreme Court, in lieu of granting leave, reversed our decision to remand the sentencing issue to the trial court and remanded the matter to us "for plenary review of whether the defendant's sentence was disproportionate under the standard set forth in *People v Milbourn*, 435 Mich 630, 636 (1990)." *People v Shepler*, ___ Mich ___; ___ NW2d ___ ( Docket No. 153216, issued 11/29/2017).

Under *Milbourn*, a proportionate sentence "must take into account both the nature of the offense and the background of the offender." *Dixon-Bey*, ___ Mich App ___, ___; ___ NW2d ___ (Docket No. 331499, September 26, 2017), slip op at 16, quoting *Milbourn*, 435 Mich at 651. Here, and as the trial court explained, defendant's criminal record is "beyond atrocious." Defendant's PSIR indicates a fairly remarkable history of criminal activity, the majority of which involves crimes involving theft. Defendant also seems completely unaffected by punishment. He has committed crimes soon after being released from jail or prison, while on probation, and while on parole. He has escaped from prison, and absconded from parole numerous times. In one instance, he removed a GPS bracelet without authorization to avoid detection. He has not complied with other conditions of parole, such as complying with substance abuse treatment and mental health treatment. He has not taken prescribed medications, nor has he made any payments toward fees owed. The instant offenses, which again involved a plan to commit a

-1-

theft, were committed three weeks after defendant was released from the Detroit Reentry Center, following a sanction imposed against defendant for absconding from parole.

As the trial court explained, while the sentencing guidelines do account generally for past criminal behavior, the guidelines do not account for the fact that defendant's history shows that the seriousness of the offenses he has committed is escalating. Nor do the guidelines take into account all of defendant's prior criminal history. As the prosecutor explained, defendant's PRV score would have remained the same even if defendant had 10 fewer felony convictions. Thus, these 10 felony convictions were essentially left unaccounted for by the guidelines. And because defendant's PRV score exceeded the minimum required to place him in the most serious PRV level under the applicable sentencing grid, even those criminal acts that were fully accounted for by the individual PRVs were ultimately not fully reflected in the recommended sentencing guidelines range.[1] Thus, the factors relied on by the trial court are clearly those that may warrant a departure: factors that are either not accounted for by the guidelines, or those that are given inadequate weight. *Dixon-Bey*, ___ Mich App at ___; slip op at 19.

Further, in *Milbourn*, our Supreme Court explicitly sanctioned departure sentences based on the fact that a defendant has an "extensive criminal record[]" because the guidelines do not take such extensive criminal records into account. *Milbourn*, 435 Mich at 657. And in *People v Smith*, 482 Mich 292; 754 NW2d 284 (2008), our Supreme Court explained that where a defendant's total OV score far exceeds the maximum score contemplated by a particular grid, a proportionate sentence may well depart from the guidelines because "the Legislature did not contemplate a defendant with such a high OV score . . . ." *Smith*, 482 Mich at 308-309. The same could be said of defendant's PRV score in this matter.

Affirmed.


/s/ David H. Sawyer
/s/ Jane M. Beckering
/s/ Mark T. Boonstra

---

[1] While these specific reasons were not fully articulated by the trial court, the trial court did reference the prosecutor's sentencing memorandum, and the court seemed to be expressing its agreement with the prosecutor's position. Thus, we conclude that the trial court did, in fact, articulate these reasons as supporting its sentencing departure.